UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOEL WEISSHAUS on behalf of himself and all other similarly situated consumers,<br><br>*Plaintiff,*<br><br>- against -<br><br>COLLECTION BUREAU OF THE HUDSON VALLEY, INC. also known as CBHV,<br><br>*Defendant.* | Case: 7:18-cv-10363-CS |

## FIRST AMENDED VERIFIED COMPLAINT

Plaintiff YOEL WEISSHAUS on behalf of himself and all other similarly situated consumers, by counsel Levi Huebner & Associates PC sues Defendant, COLLECTION BUREAU OF THE HUDSON VALLEY, INC. also known as CBHV, and states:

### JURISDICTIONAL ALLEGATIONS

1. At all times material to this lawsuit, Plaintiff, Yoel Weisshaus ("Plaintiff") is domiciled in the District of New Jersey.

2. At all times material to this lawsuit, COLLECTION BUREAU OF THE HUDSON VALLEY, INC. also known as CBHV ("CBHV") is a resident of the Southern District of New York, as required pursuant to 28 U.S.C.A. § 1391(b)(1) (West).

3. The acts necessary or precedent to bringing this lawsuit originated in the Southern District of New York.

4. Federal law governs the facts and questions of law precedent to this suit.

5. This Court has jurisdiction.

## NATURE OF ACTION

6. This lawsuit is brought for violations alleged under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

7. 15 U.SC.A. § 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt."

8. Debt collectors routinely use a cause of action of Account Stated to commence judicial action against a debtor for a debt that is otherwise unascertainable.

9. The consumer does not know of the consequences for the failure to dispute an account stated.

10. For example, in many foreclosure actions, there is a prerequisite for the mortgager to serve a "Notice of Intent" of foreclosure before bringing such suit. *See* N.J. Stat. Ann. § 2A:50-56 (West); *US Bank Nat. Ass'n v. Guillaume*, 209 N.J. 449, 457 (2012). The Notice of Intent in those cases serve like an account stated to inform the debtor of the amount due to be claimed in a judicial proceeding.

11. In civil cases of consumer debt, at least in New Jersey, in order to assert a valid claim, there is no requirement to serve a notice of intent.

12. The FDCPA 15 U.S.C. § 1692e(2)(A) and (13) prohibits the false representation of the character, or legal status of any debt, which include a negative implication prohibiting a debt collector from misrepresenting a communication as creating a false legal process.

13. CBHV has a malicious practice of troubling debtors into collection of questionable debt it knows or should know is not verifiable. In doing so, CBHV labels its collection letter as a "Notice of Intent" to give the appearance of a requisite to a foreclosure like

action and attempting to trick the consumer into a claim of account stated, notwithstanding that § 1692g(c) prohibits using collection letters as some sort of admission to liability.

14. The FDCPA 15 U.S.C. §§ 1692a(6), 1692c(b), 1692e(2)(A), and § 1692j(a) also includes a negative implication prohibiting a debt collector from misrepresenting a communication regarding a debt as part of a false business advertainment along with using a third party address. On its collection letter, CBHV uses a style of mailing that makes it appear as if its source is a sweepstakes or some sort of advertainment by mislabeling the exterior of its mailing as an "Auto-Express Letter$^{tm}$" in a unconscionable way at a time and matter when CBHV does not hold a trademark on the use of "Auto-Express Letter," deceiving the consumer pursuant to 15 U.S.C. § 1692f(8). At the same time, CBHV's exterior of its collection letter, as the face of the envelope, uses a third party address other than the debt collector's address, in violation of 15 U.S.C. §§ 1692c(b) and 1692f(8). In mispresenting itself as similar to a sweepstakes or business advertisement, CBHV causes that individuals who are not the consumer, such as a roommate or other household fellow, to open the collection letter thinking that the mailing presents some marketing offer when in fact it is a collection letter that must be directed only to the debtor pursuant to § 1692c(b).

## PARTIES

15. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) of the FDCPA and appears herein to vindicate the rights of all consumers at large.

16. CBHV is a debt collector as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. Without waving the right to joinder of individuals and entities party to this suit, upon information and belief, this complaint does not join other parties, if any, who cannot

be a party without depriving this court of subject-matter jurisdiction because upon information and belief, the causes of action are attributed directly to the named defendant.

## **RELEVANT FACTS**

18. On or about August 9, 2017, Plaintiff terminated services with Optimum, a service provider for home phone and internet.

19. At the time, Plaintiff disputed the various charges Optimum had issued.

20. Plaintiff returned the router and its modem to Optimum and requested that the charges be marked as disputed.

21. After Plaintiff terminated the aforementioned services, Optimum had issued to Plaintiff conflicting charges and at no time were the charges consistent to inform Plaintiff of the exact amount in controversy.

22. On or about November 25, 2017, CBHV issued to Plaintiff a dunning letter, labeled as Notice of Intent, which is attached hereto as **Exhibit A**.

## **RELEVANT FACTS TO THE CLASS**

23. Upon information and belief, CBHV issues boilerplate letters to many consumers, like the one issued to Plaintiff in Exhibit A. The basis for this belief is that the boilerplate letter is unsigned and formatted to fit various collection scenarios.

24. CBHV's boilerplate letter states "Our records indicate there is still a balance on this past due account. Please respond to this letter within seven days or we may take additional collection efforts. The creditor shown above has authorized us to submit this account to the nationwide credit reporting agencies. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations." Exhibit A.

25. CBHV falsely presents its collection letter as actionable for, or initiating of, a legal proceeding by labeling its collection letter as Notice of Intent.

26. CBHV injured Plaintiff's right to receive truthful information regarding the subject collection of a debt, and the required truthful information includes not misrepresenting its collection letters as creating a false legal proceeding.

27. The consumer does know what Account Stated means and thus CBHV tricks consumers with its Notice of Intent into assuming that their dispute to the debt is immaterial in an effort to frustrate the consumer and extract payment by misleading the consumer into thinking that the only way to avoid a negative credit report is to make a payment.

28. In violation of § 1692g(c), CBHV uses the Notice of Intent to insinuate that disputing the debt will not avoid the negative credit report or collection efforts.

29. CBHV uses its collection letter styled mailing to simulate the appearance as if it is a mailing of a sweepstakes company or some sort of advertisement pamphlet by labeling the exterior of its mailing as an "Auto-Express Letter$^{tm}$" at a time and matter when CBHV does not hold a trademark on the use of "Auto-Express Letter," deceiving the consumer pursuant to 15 U.S.C. § 1692f(8).

30. In addition, upon information and belief, "Auto-Express Letter$^{tm}$" no one holds a trademark on the use of "Auto-Express Letter$^{tm}$". The belief is based upon a search of the website of the United States Patent and Trademark Office.

31. At the same time, CBHV's exterior of its collection letter, as the face of the envelope, uses a third party address other than the debt collector's address, in violation of 15 U.S.C. § 1692f(8).

32. Plaintiff reserves the right and demands from Defendant discovery to review the protocol of the collection process in operation by Defendant.

33. Upon information and belief, as applied to Plaintiff, Defendant practices are applied uniformly without distinguishing between the sophisticated and the least sophisticated consumer.

*Basis and Intention for Class Certification*

34. Plaintiff brings this action individually, and on behalf of all other persons similarly situated by Rule 23 of the Federal Rules of Civil Procedure (FRCP).

35. The identities of all Class members are readily ascertainable from the records of Defendant through Discovery and/or eDiscovery.

36. Defendant have a log with a record of every consumer they issued a collection letter embodying the boilerplate format.

37. Plaintiff's class does not include individuals who are officers, members, partners, managers, directors, and employees of Defendant.

38. The question of law and fact common to the Plaintiff's Class is whether Defendant' practice of impersonating itself to be an advertisement agency with a false trademark of "Auto-Express Letter" is a cause for liability pursuant to 15 U.S.C.A. § 1692f(8).

39. The question of law and fact common to the Plaintiff's Class is whether Defendant's practice of addressing itself by an address other than its own is a cause for liability pursuant to 15 U.S.C.A. § 1692f(8).

40. The question of law and fact common to the Plaintiff's Class is whether Defendant's practice of threatening disclosing the disputed debts to third parties under the

stimulation of a Notice of Intent as a representation or implication of a legal process is a cause for a liability pursuant to 15 U.S.C.A. § 1692e(13).

41. The question of law and fact common to the Plaintiff's Class is whether Defendant is liable for statutory penalties to each member of Plaintiff's Class as it is liable to Plaintiff.

42. The Plaintiff's claims are typical to the Class members, as outlined, based upon the same facts and legal theories.

43. The Plaintiff can protect the interests of the Plaintiff's Class fairly and adequately represent them before the Court.

44. The Plaintiff retained experienced counsel in good standing, who will vigorously pursue this action in the best interest of the Plaintiff's Class.

45. This Class action will preserve adjudications from inconsistent and varying rulings, including exercising the appeals process.

46. This Class action will preserve judicial resources because Plaintiff's Class is so numerous that joinders of all members, the prosecution of all claims individually would be impractical, or that Plaintiff not pursuing the valid claims common to each member of Plaintiff's Class would constitute a manifest of injustice.

47. This Class action will protect Class as a practical matter, including the least sophisticated consumer, who would have difficulties starting an action by themselves to assert his or her rights.

48. Certification of a Class under FRCP Rule 23(b)(2) will determine whether Defendant' communications with the Plaintiff, riddled by Defendant' violations under the

FDCPA, is the same as with each member of Plaintiff's Class, where tantamount to declaratory relief and monetary relief under the FDCPA would be merely identical to that determination.

49. Class Certification under FRCP Rule 23(b)(3) will show that the questions of law and fact common to all member of the Plaintiff's Class predominate over any questions affecting an individual member, and a Class action is superior to other available methods for the fair and efficient adjudication of the controversy.

50. Notice is hereby given, depending on the outcome of further investigation and discovery, at the time of Class certification motion Plaintiff may seek to certify one or more classes only as to particular issues relevant to this complaint pursuant to Fed. R. Civ. P. 23(c)(4).

## CLAIMS FOR RELIEF

51. Plaintiff incorporates herein all of the allegations stated in paragraphs from 1 to 50, for relief on behalf of himself and all others similarly situated against Defendant under 28 U.S.C. §§ 1331 and 15 U.S.C. § 1692e *et seq*.

52. **First:** In violation of 15 U.S.C.A. § 1692e(13) by issuing a Notice of Intent, CBHV falsely represented its collection letter to misrepresent or implicate a document of use for a false legal process and/or as capable of creating the perquisites of a legal process in violation of 15 U.S.C. § 1692g(c) to intimidate the consumer in a unconscionable way.

53. **Second:** In violation of 15 U.S.C. § 1692e(2)(A) CBHV misrepresented the character or legal status of a debt by falsely labeling its communication as Notice of Intent and being reportable to the credit bureaus as an admission of liability in violation of 15 U.S.C. 1692g(c) to deceive the consumer in a material way.

54. **Third:** In violation of 15 U.S.C.A. § 1692f(8), CBHV mailed its collection letters with a false trademark symbol, of which CBHV is not the owner, to harm the

consumer about the subject communication and induce individuals who are not the debtor to become privy to such communication.

55. **Fourth:** In violation of 15 U.S.C. § 1692f(8), CBHV uses a mailing address, which is not CBHV's address to conceal or mislead from the consumer the source of the subject communication and induce individuals who are not the debtor to become privy to such communication.

56. **Fifth:** In violation of 15 U.S.C. § 1692e(8) by labeling its communication as a Notice of Intent without disclosing the rights the right to dispute the debt, CBHV threatens to communicate a consumer's credit information that unless payment is received the collector would refuse to communicate that the disputed debt is disputed.

57. Plaintiff has no other adequate remedy at law available to redress and remedy this controversy for relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully asks the Court to enter judgment in Plaintiff's favor and award damages as follows:

a) FOR EACH CLAIM FOR RELIEF against COLLECTION BUREAU OF THE HUDSON VALLEY, INC. also known as CBHV, (i) recovery of actual damages, (ii) statutory damages for Plaintiff, and (iii) costs with attorney's fees, and (iv) such further and any other relief deemed just and equitable.

b) Plaintiff respectfully demands a trial by jury of all claims so triable.

Dated: Brooklyn, New York
February 1, 2019

                                      Respectfully submitted,

                                      Levi Huebner & Associates PC,

                                      /s/     Levi Huebner
                                      By:    Levi Huebner

## VERIFICATION

I Yoel Weisshaus verify to Rule 11(b) of the Federal Rules of Civil Procedure and under the laws prohibiting perjury, that I conducted a reasonable inquiry to the facts and laws stated in the foregoing pleading, and certify in good faith that under the circumstances:

    1. The factual allegations stated in the foregoing related to me are true to the best of my knowledge.

    2. The factual allegations stated in the foregoing related to the Defendant is made to the best of my knowledge by familiarity of the facts and statements Defendant or its agents made, while reserving the right to verify its veracity or dispute them.

Dated: Brooklyn, NY
       February 1, 2019

Respectfully submitted,

_____
By: Yoel Weisshaus